# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0004
Lower Tribunal Nos. 2018-CF-001966 and 2018-CF-001969

_____

ROMERIO L. WALKER, SR.,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Polk County.
Wayne M. Durden, Judge.

May 22, 2026

GANNAM, J.

Romerio L. Walker, Sr., appeals the summary denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.[1] Walker entered a negotiated plea of no contest to grand theft, burglary, and resisting charges in return for an eighteen-month probationary sentence. Walker's rule 3.850 motion

---

[1] The postconviction court styled its disposition as a dismissal of Walker's motion, but we treat the order as summarily denying the motion under rule 3.850(h)(5).

claimed ineffective assistance of trial counsel for failing, in negotiating the plea, to preserve for appeal the trial court's denial of his dispositive discharge motion claiming violation of his right to speedy trial and that, had he known the plea would waive his right to appeal the denial of discharge, he would not have entered the plea.

The postconviction court did not address the involuntariness of Walker's plea. Instead, the court addressed the deficiency element of an ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984). The court concluded that any appeal from the denial of Walker's discharge motion would have been meritless, and thus counsel could not have been deficient for not preserving the right to appeal. In the context of a postconviction motion under rule 3.850(a)(5), however, based on an allegation that trial counsel's failure to preserve a right to appeal resulted in an involuntary plea, the potential merit of the lost appeal is not relevant. *See Sapp v. State*, 372 So. 3d 768, 770–71 (Fla. 1st DCA 2023) ("[A] defendant alleging that counsel was ineffective for failing to . . . preserve a claim of reversible error . . . must demonstrate prejudice at the trial, not on appeal." (quoting *Carratelli v. State*, 961 So. 2d 312, 323 (Fla. 2007))). Rather, "[u]nder *Hill* [*v. Lockhart*, 474 U.S. 52 (1985)], a movant alleging ineffective assistance must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 770 (quoting *Hill*, 474 U.S. at 59).

2

Whether or not Walker could have prevailed in an appeal from the denial of his discharge motion, Walker alleged in his rule 3.850 motion that he wanted to appeal the denial and that he would not have entered the plea had he known it would waive that right. The portions of the record the postconviction court attached to its order denying Walker's motion do not conclusively refute Walker's allegations. Thus, the record does not "show[] conclusively that the appellant is entitled to no relief," and we "must . . . reverse[] and . . . remand[] for an evidentiary hearing or other appropriate relief." Fla. R. App. P. 9.141(b)(2)(D).

Accordingly, we reverse the order denying Walker's rule 3.850 motion and remand for the trial court to either enter a new order of denial attaching record materials conclusively refuting Walker's allegations or conduct an evidentiary hearing on the motion.

REVERSED and REMANDED with instructions.

WOZNIAK, J., concurs.
SMITH, J., dissents, without opinion.

Romerio L. Walker, Sr., Monticello, pro se.

James Uthmeier, Attorney General, Tallahassee, and Marilyn Frances Muir, Chief Assistant Attorney General, and Clara V. Murga, Assistant Attorney General, Tampa, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED